William D. Franklin, plaintiff in error, *vs.* Thomas V. Smith, deputy sheriff, defendant in error.

1. When a sheriff, shortly after the passage of the Act of 1868, known as the Relief Law, received the affidavit of a defendant according to the provisions of said Act, and received the papers as directed by the Act, and in 1872 the proceedings by the defendant, under said Relief Act, were dismissed on motion of the plaintiff:
*Held,* That it was not error in the Judge of the Superior Court to refuse to hold the sheriff in contempt and liable for punishment for his obedience to said law.

2. Even if the Act of 1868, known as the Relief Law, be unconstitutional, it is no *contempt* of the ordinary process of execution to obey it, if in good faith the sheriff so did.

Sheriff. Contempt. Attachment. Before Judge Harvey. Floyd Superior Court. July Term, 1872.

William D. Franklin petitioned the Superior Court of Floyd county for a rule *nisi* against Thomas V. Smith, calling upon him to show cause why he should not be required to pay over the money due upon an execution in favor of peti-

Franklin *vs.* Smith.

tioner against Thomas S. Burney, placed in his hands for collection.

The respondent answered the rule, setting up, substantially, the following facts:

The execution in favor of Franklin *vs.* Burney for $300 00 principal, and $29 25 interest, issued from a judgment rendered on January 30th, 1862, was placed in respondent's hands in November, 1868, and on the 2d of December of the same year, was levied upon one Victor cane mill, two hundred bushels of corn, one mare and colt, and one mule. Burney filed his affidavit claiming the benefit of the Relief Act of 1868, and gave bond with a solvent security, according to the terms of said Act. The papers were returned to the Superior Court and the property to the defendant. Respondent was then deputy sheriff under Levi P. May, sheriff, whose term of office expired about the year 1870, when respondent also ceased to discharge official duties. Respondent merely complied with the terms of an imperative statute of the State, and in doing so, in good faith, supposed that he was discharging his duty.

It appeared from the records and minutes of the Court that the affidavit of Burney, under the Relief Act of 1868, was dismissed at the January adjourned term, 1872. It was admitted that the execution was then placed in the hands of Joseph H. Lumpkin, the present sheriff, who advertised the property levied on for sale on the first Tuesday in July, 1872; that a claim was filed by Burney to all the property levied on except the corn, under the Homestead Act of 1868; that the corn was neither delivered on the day of sale nor claimed.

After argument, the Court discharged the rule, and petitioner excepted.

D. R. MITCHELL, by UNDERWOOD & ROWELL, for plaintiff in error.

ALEXANDER & WRIGHT, for defendant.

McCay, Judge.

1. For myself, I am not prepared to say that the facts of this case show *any* liability on the part of the sheriff. He has simply obeyed the law. I am aware that it is said this law is not constitutional, but this Court has, on several occasions, held the contrary: See 38 *Georgia*, 350; 40 *Ibid.*, 49. The Act does not require the affidavit to set forth the specific grounds of the equity. It is the duty of the defendant to do this at the first term, and if he fail, the affidavit will be dismissed. Here the plaintiff has permitted the case to *stand*, undisposed of; the first and several other terms, to pass without any statement in detail, by the defendant, of his equities. This was no fault of the sheriff, but is the fault of the plaintiff— a fault, too, which, even if the sheriff would have been liable at the first term, has greatly increased the sheriff's risk.

2. But even if the Act were unconstitutional, we are not prepared to say that the sheriff is guilty of contempt, for failing, under an ordinary process, to disobey it. Whether an action will lie, is not the question. Is he in *contempt* of the process of the Court? Ought he to be punished for obeying an Act of the Legislature, at the time recognized by the Courts as valid? We think not. The sheriff is not a judicial officer. It would be a very harsh rule to say that he must, on pain of contempt, decide for himself whether a law is constitutional or not. When a party seeks to hold a sheriff liable, if he chooses to do so by means of a rule, he takes upon himself to show that the officer is in contempt of the process of the Court, and he submits that question to the sound discretion of the Court. He has a right to his rule absolute only at the sound discretion of the Court, and if the sheriff has not been guilty of contempt, the rule absolute ought not to be passed. It seems to us that it is a shock to all sense of propriety to say that the sheriff is in contempt for failing to disobey an Act of the Legislature. And so the Act of February 25th, 1869, expressly enacts. We are aware that cases may be found where a rule has been made absolute under such circum-

stances; but it will be found, on looking closely into them, that this point was not made and insisted on.   At any rate, we have now an express law on the subject in terms relieving the sheriff from the contempt, if there be any, in all such cases.

Judgment affirmed.